*Asaliah Murib v. The Kroger Company;*
*State Court of Fulton County, State of Georgia*
*Civil Action File Number: 21EV004712*

*Asaliah Murib v. The Kroger Company*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA*

# EXHIBIT A:
# PLAINTIFF ASALIAH MURIB'S COMPLAINT FOR DAMAGES

Case 1:21-cv-03742-SDG   Document 1-1   Filed 09/09/21   Page 2 of 15

State Court of Fulton County
**E-FILED**
21EV004712
8/9/2021 5:44 PM
Christopher G. Scott, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | | |
|---|---|---|
| ASALIAH MURIB, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION |
| | * | |
| THE KROGER COMPANY, | * | FILE NO. _____ |
| | * | |
| Defendant. | * | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff ASALIAH MURIB, in the above-styled action, by and through her attorney of record, and files this Complaint for Damages against THE KROGER COMPANY, and shows the Court as follows:

### PARTIES

**1.**

Plaintiff, Asaliah Murib (called "Plaintiff Murib"), is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

**2.**

Defendant, The Kroger Company (called "Defendant Kroger"), is a foreign profit corporation existing under the laws of the State of Ohio with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202, and may be served through

1

its *Registered Agent, CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Cobb County, Georgia 30060.*

## JURISDICTION AND VENUE

**3.**

The Defendant is subject to the jurisdiction of this Court, and venue is proper in FULTON County.

**4.**

The State Court of Fulton County has jurisdiction over the subject matter of this action.

## BACKGROUND

**5.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 4 above as if fully restated.

**6.**

Plaintiff brings this action and sues for the following:

(a) Special damages for any and all medicals and other necessary expenses incurred by Plaintiff due to her severe injuries related to the premise liability action which occurred on August 16, 2019, all of which were proximately caused by the acts and omission of Defendant as set forth herein.

2

(b) General damages for the conscious pain and suffering, severe emotional distress, and overall diminution in the quality and value of Plaintiff's life, which resulted from the occurrence made from the basis of this lawsuit, and which were proximately caused by the acts and omissions of Defendants as set forth herein; and

(c) Punitive or exemplary damages for Defendants' conscious indifference to the consequences of their actions.

## FACTS

**7.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 6 above as if fully restated.

**8.**

On or about August 16, 2019, Plaintiff Murib was an "invitee" of the Defendant Kroger – Store #1093 (Fountain Oaks), 4920 Roswell Road, Atlanta, Fulton County, Georgia 30342. *Pursuant to O.C.G.A. §51-3-1, Under Georgia law, these people are known as "invitees", premises owner owe an "invitee" a duty of "ordinary care to keep the premises and approaches safe." (See Exhibit "A" – Shopping Receipt)*

3

**9.**

On this said day, Plaintiff Murib was pushing a mini cart through the aisle when without any warning of any kind, she slipped on a spilled (yellowish) liquid on the floor in the area near a "painted protein display on the floor." *(See Exhibit "B" – Photograph of Painted Display and Spilled Liquid)*

**10.**

On this said day, Plaintiff Murib's right foot slipped and slammed into the bottom of the mini cart in which Plaintiff was pushing and holding onto. Dr. Laursen's records supports Plaintiff Murib's claims as follows: the following:

"On August 28, 2019, Ms. Asaliah Murib presented for an initial examination and evaluation of her complaints coming from a slip and fall accident in which she was involved on August 16, 2019, when her right foot slid forward causing her right shin to strike the metal cross bar of her shopping cart. There is a visible impression to my eyes about the right anterior shin which is approximately the size of a dime. The patient further recalls that she attempted to stop her fall and sustained a stretch injury to her right inner thigh and low back region. The patient states that she has been seen at Northside Hospital where she was x-rayed and released to follow up with another provider for continued care of her injuries."

11.

As a result, Plaintiff sustained severe injuries and constant pain to her right foot, right ankle, lower back, and burning sensation in Plaintiff's knee and ankles.

## COUNT ONE
## DAMAGES

12.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

13.

As a result of Defendant's negligence, Plaintiff Murib suffered serious injuries, including a medial meniscus tear in her knee. Based on the doctor's evaluation and examination, the following diagnoses were established:

| Code | Diagnosis |
|---|---|
| M12.561 | Traumatic arthropathy, right knee |
| M12.571 | Traumatic arthropathy, right ankle and foot |
| M25.561 | Pain in right knee |
| M25.571 | Pain in right ankle and joints of right foot |
| M54.5 | Lumbago |
| S39.012A | Strain of muscle, fascia, and tendon of lower back |
| S83.91XA | Sprain of unspecified site of right knee, initial encounter |
| S93.401A | Sprain of unspecified ligament of right ankle, initial encounter |
|  | Disc Bulge L3-4, and L4-5 with facet arthropathy throughout |

5

**14.**

As a result of Defendant's negligence, Plaintiff Murib has incurred past medical expenses and may continue to incur future medical expenses. To date, Plaintiff Murib has incurred the following expenses:

| | |
|---|---|
| Barbour Orthopaedics and Sport Med | $18,179.03 |
| Northside Hospital | $ 2,701.00 |
| Northside Radiology Associates | $    128.00 |
| Northside Emergency Assoc., PC | $ 1,017.00 |
| Wellstar Health System | $    125.00 |
| Dr. G.P. Laursen | $    345.00 |
| BenchMark Rehab Partners | $14,770.00 |
| The Ohio State University (Wexner Medical Ctr) | $ 5,723.10 |
| Drayer Physical Therapy | $    780.50 |
| **Total Special Damages:** | **$43,768.63** |
| Pain and Suffering: Past, Present and Future | $25,000.00 |
| **Total Compensatory Damages** | **$25,000.00** |
| **TOTAL DAMAGES:** | **$68,768.63** |

**15.**

Due to Defendant's negligence, Plaintiff Murib suffered other ordinary incidental and consequential damages as would be anticipated to arise under the circumstances.

**16.**

Defendant's negligence is the sole and proximate cause of Plaintiff Murib's injuries and Defendant is therefore liable for Plaintiff Murib's damages.

## COUNT TWO
## PREMISES LIABILITY

**17.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

**18.**

The Kroger Company's liability has been established in the subject incident pursuant to O.C.G.A. § 51-3-1 which states:

"Where an owner or occupier of land, by express or implied invitation, includes or leads others to come upon his premises for any lawful purposes, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."

**19.**

Plaintiff was an invitee of The Kroger Store-Fountain Oaks (#K1093), located at 4920 Roswell Road, Atlanta, Fulton County, Georgia 30342.

**20.**

Therefore, pursuant to O.C.G.A. § 51-3-1, The Kroger Company owed the invitee a duty to exercise reasonable care in keeping the premises and approaches safe.

**21.**

The Kroger Company, Inc. breached this duty in the following ways:

a. In failing to clean/remove any liquid substance from the floors that may cause harm to its invitees.

b. In failing to warn invitees of the potential hazard conditions on the floor; and

c. In failing to place hazardous cones in a visible location as to warn invitees of possible dangerous areas

**22.**

At all times, Plaintiff was exercising reasonable care and caution for her own safety.

**23.**

Had Defendant, through its agents and employees, been exercising reasonable care, removed the liquid substance from the floor in the area that would've caused no harm in the general public and invitees such as the Plaintiff and avoid the incident that occurred on August 16, 2019.

**24.**

In failing to do so, the business breached its duty to Plaintiff, an invitee, and consequently caused her injuries.

## COUNT THREE
## PUNITIVE DAMAGES

**25.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

**26.**

Defendant demonstrated a conscious indifference to the consequences of its actions when it continually failed to warn invitees of the hazard of potential dangerous liquid on the floors. Defendant demonstrated an unwillingness to keep the premises safe for invitees in its store.

**27.**

Defendant showed willfulness, extreme recklessness, total disregard, and a conscious indifference to the safety and wellbeing of others, including but not limited to, the Plaintiff.

**28.**

Defendant's behavior was so egregious that it constituted reckless conduct and a want of care for the consequences of its actions. Defendant is therefore liable for an award of punitive damages.

## COUNT FOUR
## NEGLIGENT TRAINING and/or SUPERVISION

29.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, hazard conditions are avoidable when employees are cleaning floors in the areas where invitees may become injured.

31.

Defendant was negligent in training and supervising its staff to properly place warning signs in the areas when a liquid has spilled on the floors.

32.

As a result of Defendant's negligence in training and supervising its employees, Plaintiff was permanently injured on the subject premises.

**WHEREFORE**, plaintiff prays that she have a trial on all issues and judgment against defendant as follows:

a. That Plaintiff recovers special damages, including but not limited to, the full value of past and future medical expenses in an amount to be proven at trial.

b. That Plaintiff recovers for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury.

c. That Plaintiff recovers punitive or exemplary damages against Defendant for its conscious indifference to the consequences of its actions.

d. That Plaintiff recovers such other and further relief as is just and proper; and

e. That all issues be tried before a jury.

This 9th day of August 2021.

              **WILLIAMS & ASSOCIATES**
              **LAW FIRM, P.C.**

              */s/ Rita T. Williams*
              Rita Tucker Williams
              GA State Bar No.: 763978
              Ledia L. Regis
              GA State Bar No. 750281
              ***Attorneys for Plaintiff***

220 Church Street
Decatur, GA 30030
(404) 370-3783
Email: rtwilliams@williamsandassoc.com
Email: lregis@williamsandassoc.com





Asaliah Murib

Painted Display on the Floor At Kroger on August 16, 2019

